PATSY BOSCO, BY NEXT FRIEND, ET AL., v. JACOB SEGAL ET AL., PARTNERS, ETC.

Decided November 16, 1926.

**Negligence—Workmen's Compensation—Plaintiff, a Boy, was Injured While Working For Defendant—Defendant Claimed He was Regularly Employed and His Injury Should be Compensated Under the Compensation Act—Plaintiff Held the Employment to be Casual—Lower Court Sustained Plaintiff's Contention—Facts Examined, and Held That Lower Court Erred in Not Submitted Case to Jury.**

On appeal from the Middlesex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellants, *Louis L. Hendler* and *Edmund A. Hayes.*

For the respondents, *Samuel D. Hoffman.*

PER CURIAM.

This action was brought by the plaintiff Patsy Bosco, a boy of sixteen years, and his father, to recover compensation for injuries received by the son while working for the defendants, who were engaged in the business of manufacturing and selling mineral water under the name of the New Brunswick Bottling Company, and the loss sustained by the father by reason of those injuries. The principal defense interposed to the action was that the boy was a permanent employe of the defendants, within the meaning of the Employers' Liability act, and that, consequently, his only remedy against his employers was that provided by the statute referred to. On the other hand, the plaintiffs contended that the employment of the boy was casual, and that, therefore, the statute did not apply. The court, after hearing testimony, concluded that the employment was not casual, and that, consequently, the sole right of action resting in the plaintiffs was that provided by the statute. Holding this view, the judge directed the jury to return a verdict of no cause of action, and from the judgment entered upon the directed verdict the plaintiffs have appealed.

The situation disclosed by the proofs was this: The boy's regular employment was with a corporation known as the Webb Wire Works, in New Brunswick. On the 25th of July, 1924, he was informed by the manager of this corporation that its factory would be shut down on the next day, which was Saturday. On that day he went with a friend to defendants' place of business to see another friend, who was employed there, and Segal, one of the defendants, seeing him, told him that the bottling company was short of help, and asked him to assist in the work of delivering bottles of soda water. This the boy did, and was paid $1.50 for his services. On the following Friday he was notified by the manager of the Webb Wire Works that its factory would again be closed on the next day, and on that day he went back to the defendants' factory, not pursuant to any arrangement with them, but with the idea that perhaps he might be employed again for that day. He saw Segal, and was told that the company

was still short of boys, and was asked to go for a ride to South River and help deliver bottles of mineral water there. Patsy agreed to do this, and he and two other boys jumped on the back of the defendants' truck for the purpose of helping unload the cases and deliver them to customers along the route. While engaged in doing this he fell from the truck and was hurt. So far as the case shows, he never received any compensation for the work that he did on this latter day. This is his own story told upon the witness-stand, and, if it be true, then his employment was casual, within the meaning of the Employers' Liability act, and he was not entitled to the benefit of that statute in enforcing his claim for compensation against the defendants.

It may be conceded that the testimony of witnesses called by the defense supports the conclusion that the employment was not casual; but, in this situation of the proofs, it was plainly for the jury, and not for the court, to determine the question of the nature of the employment, and there was error in directing a verdict for the defendants.

The judgment under review will be reversed.